UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 1:14-cr-6149-TRM-01 |
| | ) | |
| MICHAEL HOWARD | ) | |

## MEMORANDUM AND ORDER

MICHAEL HOWARD ("Defendant") appeared for a hearing on September 20, 2016, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for a Warrant or Summons for an Offender Under Supervision ("Petition").

Defendant was placed under oath and informed of his constitutional rights. It was determined that Defendant wished to be represented by an attorney and he qualified for appointed counsel. Federal Defender Services of Eastern Tennessee was appointed to represent Defendant. It was also determined that Defendant had been provided with and reviewed with counsel a copy of the Petition.

The Government moved that Defendant be detained without bail pending his revocation hearing before U.S. District Judge McDonough. Defendant waived his right to a preliminary hearing but requested a detention hearing, which was held. U.S. Probation Officer Shaquana L. Kennedy testified regarding the factual allegations set forth in the Petition and related matters. Defendant's finance, Ashley Moss, was called to testify as a witness by Defendant and and was cross-examined by the government. Both Parties presented their respective arguments, which were fully considered by the Court.

Based upon the Petition and Defendant's waiver of preliminary hearing, the Court finds there is probable cause to believe Defendant has committed violations of his conditions of supervised release as alleged in the Petition. As addressed in greater detail during the detention hearing, the Court was concerned about whether Defendant was in violation of his bond conditions in state court and whether alcohol monitoring could be made available. Since the hearing, Defendant has provided information indicating he could be monitored and that a co-worker would be willing to serve as a third-party custodian (and presumably allow Defendant to live with him) [Doc. 5]. Defendant also filed a copy of the bond conditions for his release on the state domestic assault charges [Doc. 6-1]. Those conditions clearly state Defendant was directed by the state court "to vacate or stay away from the home of the alleged victim and to stay away from any other location where the victim is likely to be." Defendant not only signed the order setting the conditions, he also separately initialed the above quoted condition. Clearly, Defendant knew of or should have known of this condition and he violated the state court's order and his conditions of bail by continuing to live with and have contact with the alleged victim, Ms. Moss.

Given Defendant's clear violation of, and failure to abide by, his state court bond conditions, and based on the other proof addressed more fully during the hearing, the Court finds

under Fed. R. Crim. P. 32.1(a)(6), that Defendant has not carried his burden of demonstrating by clear and convincing evidence that, if released, he would not pose a danger to another person or to the community at this time due to the issues reflected in his pending state court domestic assault and vandalism charges.

Accordingly, it is **ORDERED** that:

(1) Defendant shall appear for a revocation hearing before U.S. District Judge McDonough.

(2) The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending his revocation hearing before Judge McDonough is **GRANTED**.

(3) The U.S. Marshal shall transport Defendant to a revocation hearing set before **District Judge McDonough on October 21, 2016 at 9:00 a.m.**

SO ORDERED.

ENTER.

                                                s/ *Susan K. Lee*
                                                SUSAN K. LEE
                                                UNITED STATES MAGISTRATE JUDGE